**Jeffrey Alan SOBOROFF,**
**Plaintiff–Appellant**

v.

**U.S. FEDERAL GOVERNMENT; U.S. Marshals Service; Unknown Mansfield, Rev.; Muscatine County Jail, from member case 4:12–cv–238; David Marcowitz; Julie Chyma, Nurse Practitioner; Christie Scotts, Nurse; Ashely Smith, Nurse; Gina Wappen, Nurse; Tanya Bishop; Crump, Sgt.; Russel, Chaplan; Vance, Chaplan; Don Bu-**

souri.

ress; **Lana Reed; Polk County Jail; Ottumwa Residential Facility; Leavenworth Detention Center; U.S. Attorney General; Unknown White, Sheriff; Unknown Boulton, Lt.;-White, from member case 4:12–cv–238; Naylor, from member case 4:12–cv–238; Federal Public Defender's Office; Muscatine County; Federal Bureau of Prisons; Ross A. Walters, Defendants–Appellees.**

No. 13–2113.

United States Court of Appeals,
Eighth Circuit.

Submitted: Oct. 4, 2013.

Filed: Oct. 11, 2013.

Jeffrey Alan Soboroff, White Deer, PA, pro se.

Before MURPHY, COLLOTON, and GRUENDER, Circuit Judges.

PER CURIAM.

Federal prisoner Jeffrey Soboroff appeals the district court's [1] dismissal, without prejudice, of his pro se 42 U.S.C. § 1983 complaint challenging an alleged deprivation of a "religious accommodation" and other vaguely described conditions of confinement. We grant Soboroff's motion to supplement his brief.

Upon de novo review, we conclude that the dismissal was proper because Soboroff failed to allege sufficient facts to state a claim. *See* 28 U.S.C. § 1915A (in civil action in which prisoner seeks redress

**1.** The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

from governmental entity or employee of governmental entity, court shall dismiss complaint if it fails to state claim upon which relief may be granted); *Ashcroft v. Iqbal,* 556 U.S. 662, 677–83, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (complaint must contain sufficient factual matter, accepted as true, to state claim plausible on its face; threadbare recitals of elements of cause of action supported by mere conclusory statements are not entitled to assumption of truth); *see also Cooper v. Schriro,* 189 F.3d 781, 783 (8th Cir.1999) (per curiam) (de novo standard of review).

Accordingly, we affirm. *See* 8th Cir. R. 47B.

